## CLEVELAND FAUCET CO. v. SYRACUSE FAUCET CO.

(Circuit Court, N. D. New York. November 9, 1896.)

PATENTS—INVENTION AND INFRINGEMENT—HYDRAULIC AIR PUMPS.
The Weatherhead patent, No. 504,097, for an hydraulic air pump, *held* valid, as showing patentable invention, and also *held* infringed by a pump containing mechanism which accomplishes the same result in the same way, and differs only in details of construction.

This was a suit in equity by the Cleveland Faucet Company against the Syracuse Faucet Company for alleged infringement of a patent for improvements in hydraulic air pumps.

Thomas K. Banning, for complainant.
George W. Hey, for defendant.

COXE, District Judge. This action is founded upon letters patent, No. 504,097, granted to Edward H. Weatherhead, August 29, 1893, for improvements in hydraulic air pumps. It is not pretended that this is a primary patent. The specification expressly states that the invention is for improvements upon the pump of a prior patent granted to Weatherhead, October 7, 1890. It says, further:

"My invention relates to hydraulic air pumps of the variety in which hydraulic pressure is automatically controlled to compress air or to force the same under pressure into a receptacle or chamber, and to this end the invention consists in the construction shown and described and particularly pointed out in the claims."

The pump thus described is useful in many arts, but, perhaps, its principal and most familiar use is in forcing air into beer kegs so that the beer may be drawn from the faucet at the bar although the keg is located in the cellar.

The patent has seven claims which aptly describe and cover the various features of the pump. No attempt has been made to segregate these claims upon the question of patentability. The first claim is as follows:

"(1) In a hydraulic air pump, the pump casing and the valve and piston to control the inlet and outlet of the motive fluid, in combination with two cylinders, one within the other having each an open fluid connection with the pump casing, and connected pistons in said cylinders, substantially as described."

The next four claims contain the same main elements with various differences of detail. The sixth and seventh claims contain limitations which it is unnecessary to consider at the present time. The defenses are noninfringement and lack of invention.

It is proved by testimony, which is uncontradicted and trustworthy, that Weatherhead conceived the invention in March, 1888. This disposes of the patents to Olin, Stitt and Shiring, as all were applied for and granted after that date.

The defendant expressly admits that the combination of the patent is not anticipated, but contends that if there be any patentable novelty it resides in details of construction which the defendant does not employ. The question is, therefore, a simple one. The combination being new, it only remains to inquire whether it produces a new result or an old result in a better way. That it produces the desired result in a better way seems clear from the evidence. With-

out entering into a discussion of the prior patents it is apparent that Weatherhead has made a marked improvement in the art. With the disappearance of the Olin and Stitt patents, the patent to Bailey of March, 1875, is the defendant's best reference. It requires no assistance from an expert to perceive that the Bailey pump is a complicated and cumbersome apparatus. It is a labyrinth of pipes and valves, so intricate and expensive that the pump can hardly be available for practical purposes at the present day. The pump of the patent, on the contrary, is simple, economical, compact, durable and efficient. It is unquestionably a distinct improvement over the Bailey pump and others of that class.

Upon the question of infringement the complainant's expert testifies that the exhibit "Defendant's Pump" "contains mechanisms almost identically the same as those shown and described in the patent sued on, so combined and arranged as to accomplish the exact and identical results." The character of the structures involved necessarily renders the drawings intricate, obscure and difficult to follow, but from the study which the court has been able to give the case it is inclined to concur in the opinion just quoted. The defendant's expert also finds all of the main elements of the combination in the defendant's pump, the differences being confined to the most minute details. Perhaps the most noticeable of these is the horizontal, instead of the perpendicular, location of the fluid controlling valve mechanism. As this mechanism produces the same result in substantially the same way, the fact that it is not vertical is wholly inconsequential.

In the general opinion that this pump is an infringement the defendant appears to join. Soon after the commencement of this action it stopped manufacturing, its manager testifying as follows:

"Q. Why have you discontinued? A. Because I had other pumps equally as good that I didn't think infringed, if there was any infringement."

The defendant introduced in evidence samples of other pumps made since the commencement of this suit. The complainant, though insisting that these are also infringements, objects to the consideration of the question at this time. The objection is well founded, the better practice being to confine the controversy to the issues raised by the pleadings. The complainant is entitled to the usual decree.